UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAURENCE SEIDENFELD,<br><br>Defendant. | **Case No:   C 07-5233 SBA**<br>Related to:  C 07-5234 SBA<br><br>2255 MOTION –<br>See CR 03-40082 SBA, CR 04-40197 SBA<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |

On December 24, 2009, the Court denied Defendant's motion under 28 U.S.C. § 2255. He is now before the Court on a request for a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that, "In a habeas corpus proceeding in which the detention complained of arises ... in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). The statute provides that a Certificate of Appealability may issue only if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward:  the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." <u>Slack</u>, 529 U.S. at 484. Here, Defendant has made no such showing.[1]

Accordingly,

    IT IS HEREBY ORDERED THAT Defendant's request for a Certificate of Appealability is DENIED. This Order terminates Docket No. 63.

    IT IS SO ORDERED.

Dated: February 5, 2010

                                                */s/ Saundra B. Armstrong*
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

---

[1] By letter filed February 3, 2010, Defendant requests that the Court send him copies of "all necessary papers" to take an appeal. Defendant's request is vague and overbroad, and therefore, is denied, without prejudice.